**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DENIS EDUARDO ZUNIGA and
MELQUIS SEDEC CONTRERAS,

                Petitioners,

v.                                        CIVIL ACTION NO. 3:26-0421

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioners Denis Eduardo Zuniga and Melquis Sedec

Contreras' Petition for Writ of Habeas Corpus. *Pet.*, ECF No. 1. Also pending is "Objections to

Jurisdiction and Venue" filed by Respondents David Venturella, Acting Director, United States

Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of Homeland

Security; Todd Blanche, Acting United States Attorney General; David Kluemper, Supervisory

Detention and Deportation Officer of ICE; Kenneth Barnett, Supervisory Detention and

Deportation Officer of ICE; and John Rife, Field Office Director, Philadelphia Field Office of ICE, (collectively the "Government"). *Gov't's Objs.*, ECF No. 6. For the reasons discussed below, the Government's objection is **OVERRULED**, and the Petition is **GRANTED**.

Petitioners were arrested[1] within the interior of the United States, in Mason County, West Virginia, around 6:15 AM on June 24, 2026, and taken to the ICE ERO office in Poca, West Virginia for processing. *Pet.* ¶ 15; *Gov't's Objs.* 2, 4. The Government indicates that, on the same day, Petitioners were transported from the ICE ERO facility, departing at approximately 1:30 PM, to the Western District of Pennsylvania. *Gov't's Objs.* 5. Sometime between 2:50 PM and 3:30 PM,[2] Petitioners filed their Petition for Writ of Habeas Corpus, challenging current physical custody and requesting immediate release. *See* ECF No. 1. Within the Court's Order to Show Cause, the Government was directed to file any objections to venue and jurisdiction within twenty-four hours, and it did so. Petitioners filed a reply. ECF No. 9 ("Pet'rs' Resp. to Objs."). Additionally, as ordered, the Government filed a response to the Petition, ECF No. 10 ("Gov't's Resp."), and Petitioners' filed a reply, ECF No. 11 ("Pet'rs' Reply"). Thus, the Petition and Objections are ripe for review.

First, the Government argues this Court lacks jurisdiction and venue because Petitioners were in transit to the Western District of Pennsylvania, likely within the Northern District of West Virginia, at the time that the Petition was filed. *Gov't's Obj.* 6. The Government insists that

---

[1] Petitioners were arrested after allegedly driving recklessly. *Gov't's Resp.* 3–5. The circumstances are hotly contested, but they are not relevant to the Court's analysis. *Gov't's Resp.* 3–5; *Pet'rs' Reply* 2–3. The conduct underlying the arrest is not put forth as a basis for the Government's detention of Petitioners that is the subject of this Petition, as the Government continues to claim Petitioners are subject to mandatory detention pursuant to 18 U.S.C. § 1225(b)(2)(A). *Gov't's Resp.* 11.

[2] While Respondents assert that the Petition was entered at 3:21 PM, Petitioners assert the Petition was filed at 2:50 PM. *Gov't's Objs.* 2; *Pet'rs' Resp. to Objs.* 2 n.1.

"[i]nstead of parsing out the location of the Petitioner at a specific time and whether the Northern District of West Virginia, or Western District of Pennsylvania, or some exception applies to confer jurisdiction and/or venue to this Court, the best approach is to exercise this Court's discretion and transfer the petition to the current district of confinement, Western District of Pennsylvania, or to the Northern District of West Virginia." *Id.* at 4.

District courts may only grant relief associated with a writ for habeas corpus "within their jurisdiction." 28 U.S.C. § 2241(a). In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court developed the "immediate custodian" and "district of confinement" rules, requiring that a petitioner "name his warden as respondent and file the petition in the district of confinement." 542 U.S. 426, 447 (2004). Generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. However, when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18 (discussing *Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986)). Accordingly, an exception to the *Padilla* requirements is recognized and is commonly referred to as the "unknown custodian exception." *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *5 (4th Cir. 2025). As the Fourth Circuit Court of Appeals has stated, "[t]he unknown-custodian exception is critical because a detainee must always have an available forum for a habeas petition, even if the government doesn't disclose their location." *Id.*

This Court has already repeated that "even temporary lapses in protections of habeas corpus could result in a detainee's deportation without judicial review." *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1045082, at *4 (S.D. W. Va. Apr. 16, 2026) (citing *Suri*, 2025 WL 1806692, at *6). Thus, "if the government moves a detainee from a district and their attorney cannot discover

-3-

their location with reasonable inquiry, the attorney may file a habeas petition in the detainee's last-known location against their ultimate custodian." *Suri*, 2025 WL 1806692, at *4; *United States v. Moussaoui*, 382 F.3d 453, 465 (4th Cir. 2004).

The Government indicates that the facts are largely consistent with this Court's decision against the government's same jurisdictional argument in *Linarez Vilchez. Gov't's Objs.* 2. The Government argues the one distinction is the minimal representations, here, of counsel's efforts to ascertain the Petitioners' locations. *Id.*

In *Linarez Vilchez*, the Court denied the Government's motion to dismiss when the petitioner also had a day-of-arrest transport from the Southern District of West Virginia and was within the Northern District of West Virginia, enroute to Pennsylvania, at the time the petition was filed. 2026 WL 1045082, at *3–4. There, Petitioner's counsel was communicating with David Kluemper, Supervisory Detention and Deportation Officer of ICE, who failed to provide Petitioner's location, or time of departure from Poca, West Virginia, after petitioner's arrest and before the ICE Online Detainee Locator System was updated with his location. *Id.* at 2.

Here, the Petition states that Petitioners were arrested, detained, and processed within this District and that this District was their last known and verifiable location. *Pet.* ¶ 7. The Government represents that Petitioners were arrested at 6:30 AM and did not leave the Southern District of West Virginia until 1:30 PM. *Gov't's Objs.* 2, 5. Petitioners argue the ICE detainee locator did not provide Petitioners' location and that further attempts to locate Petitioners would have been futile. *Pet'rs' Resp. to Objs.* 2, 4. Petitioners explain that, while further efforts to discover location information of a petitioner have occasionally been fruitful in the past, the Government has since

indicated that unreasonable or impossible procedural steps must now be taken prior to being provided with location information or an opportunity to consult with a petitioner. *Id.* at 2.[3]

The distinction raised by the Government is not meaningful, as Petitioners are entitled to a forum to file their petitions if counsel cannot discover their location with reasonable inquiry. With the Government's lack of transparency, Petitioners' counsel cannot have known whether the Government was going to begin transport an hour after their arrest, seven hours after their arrest, or more. Petitioners were arrested within the Southern District of West Virginia; their last known and verifiable location was within the Southern District of West Virginia; Petitioner could not have filed this Petition in the Western District of Pennsylvania and had no legitimate reason to believe filing in the Northern District of West Virginia would be appropriate. This District was the only available forum for Petitioner's habeas petition while the location of petitioner and his custodian were unknown. The Government's objection, ECF No. 6, is **OVERRULED**, and the Court has jurisdiction.

Within the Government's Response, the Government admittedly presents the same arguments previously rejected by this Court. *Gov't's Resp.* 2. They indicate a hearing on the matter is not necessary. *Id.* at 3. This Court's opinions[4]  are adopted and form the basis for this brief opinion. The Government's arguments have been uniformly rejected by Courts within this District. *See Izaguirre v. Mason*, No. 2:26-CV-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.); *Umarov v. Mason*, No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026)(Berger, J.); *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at

---

[3] While not relied upon for this decision, Petitioners further allege that Petitioners were denied access to their phones, preventing communication with counsel. *Pet'rs' Resp. to Objs.* 8.

[4] *See e.g., Linarez Vilchez*, 2026 WL 1045082; *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026).

*20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.). The Court's analysis of the Immigration and Nationality Act and petitioners' entitlement to due process within it has not changed.

For the previously stated reasons, the Petition, ECF No. 1, is **GRANTED**. Respondents are **ORDERED** to **PROMPTLY RELEASE PETITIONERS** in the Southern District of West Virginia, today, Monday, June 29, 2026. Respondents are **ORDERED** to transport Petitioners back to the Southern District of West Virginia. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioners' detention, including legal documents. Respondents are **DIRECTED** to provide reasonable notice of at least three hours to Petitioners' counsel of the anticipated time and place of release. Respondents shall file a notice of compliance with the Court.

The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioners pending further order of this Court. Respondents are **PERMANANTLY ENJOINED** from imposing any conditions or restraints on Petitioners' liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Show Cause Hearing previously scheduled for June 29, 2026, is **CANCELLED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER:      June 29, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-6-